**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| PAMELA COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>MI MEDX, DEPARTMENT OF VETERAN AFFAIRS, DIRECTOR OF VAMC 2015, DR. GLEN E. TALBOY,<br><br>Defendants. | ) | Case No. 4:24-cv-00194-RK |

**ORDER**

Plaintiff Pamela Collins filed this pro se case alleging medical malpractice that occurred in 2015. Now before the Court[1] are two post-judgment motions filed by Plaintiff: (1) what the Court construes as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (Doc. 54), and (2) a motion to appoint a guardian ad litem and legal counsel pursuant to Rule 17(c)(2), (Doc. 56). After careful consideration and for the reasons stated below, Plaintiff's motions are **DENIED**.

**Background**

Plaintiff filed this malpractice lawsuit on March 28, 2024. On October 16, 2024, the Court issued its first show cause order addressing Plaintiff's failure to timely serve the defendants pursuant to Rule 4(m). (Doc. 13.) On October 28, 2024, finding good cause to grant Plaintiff an extension based on a medical condition she experienced, the Court ordered Plaintiff to serve her summonses by January 27, 2025. (Doc. 16.) On January 24 and 27, 2025, the Clerk of Court issued summonses for Defendants Mi Medx, the Department of Veteran Affairs, the Director of VAMC 2015, and Dr. Glen E. Talboy. Returns of services indicated that Mi Medx was served on February 5, 2025; however, Plaintiff failed to properly serve the remaining defendants. (*See* Doc. 47.) The Court granted Mi Medx's motion to dismiss for failure to state a claim. (Docs. 30, 45.) On May 15, 2025, the Court issued its second show cause order which outlined Plaintiff's service of process deficiencies; ordered Plaintiff to show cause by May 28, 2025, why her claims against

[1] The underlying case was originally assigned to the Honorable Gary A. Fenner. The case was reassigned to this Court on August 28, 2026, with Plaintiff's most recent filings.

the Department of Veteran Affairs, the Director of VAMC 2015, and Dr. Glen E. Talboy should not be dismissed for failure to properly serve the defendants and follow the Court's prior show cause order; and warned her that failure to do so would result in dismissal. (Doc. 47.) Plaintiff failed to show cause. Accordingly, on June 2, 2025, the Court dismissed the remaining claims without prejudice. (Doc. 48.) A Clerk's Judgment was entered the same day.

On July 7, 2026, Plaintiff filed what the Court construes as a motion for relief from judgment pursuant to Rule 60(b)(1). Plaintiff states: "Today I read in [the second show cause order] that I did not serve the United States Attorney for the Western District of Missouri," and that "since [March 16, 2018,]" she thought she was being "represented by the United States Attorney General" in this case. (Doc. 54.)

Under Rule 60(b)(1), the Court "may relieve a party . . . from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect." "Excusable neglect" "is generally 'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (quoting *Union Pac. R.R. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001)). Relief under Rule 60(b) is disfavored and is reserved only for extraordinary and exceptional circumstances. *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003).

First, Plaintiff's motion, filed more than thirteen months after the Court's judgment, is untimely—a motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). Even if Plaintiff's motion was timely filed, Plaintiff's motion fails to demonstrate that she is entitled to relief pursuant to Rule 60(b)(1). Although not entirely clear from Plaintiff's motion, it appears she waited over a year to read the Court's May 15, 2025 show cause order, but she provides no explanation for that lack of diligence other than generally asking "the Court to consider [her unspecified] cognitive disability." (Doc. 54.) Although the Court is sympathetic to Plaintiff's stated difficulties, the reasons set forth in Plaintiff's motion are insufficient to grant her relief pursuant to Rule 60(b)(1). *See Williams v. Lewis*, No. __, 2019 WL 1409384, at *1 (E.D. Mo. March 28, 2019) ("Insufficient showings for relief [under Rule 60(b)(1)] . . . include when the party or attorney did not act diligently to discover the purported mistake . . . ." (quoting *Long v. James*, 667 F. App'x 862, 863 (5th Cir. 2016))).[2]

[2] While the Court does not construe Plaintiff's filing as a motion under Rule 60(b)(6), a "catchall"

Therefore, Plaintiff's motion for relief from the judgment is **DENIED**.

Because Plaintiff is not entitled to relief from the judgment, her motion to appoint a guardian ad litem and legal counsel pursuant to Rule 17(c)(2) is **DENIED as moot**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 6, 2026

---

provision for post-judgment relief that is not limited to one year but must be filed "within a reasonable time"—*see PIRS Capital, LLC v. Williams*, 54 F.4th 1050, 1055 (8th Cir. 2022) (recognizing that the "catchall" provision for post-judgment relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable" (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)))—the Court would alternatively find that Plaintiff does not demonstrate any "exceptional circumstances that warrant Rule 60(b)(6) relief" in this case, *id.* at 1055.